No. 24,332.

*In re* the Estate of GEORGE R. SNELLING, Deceased. NANCY C. WEAVER et al., *Appellants*, v. ANN RAUB, *Appellee.*

SYLLABUS. BY THE COURT.

1. NUNCUPATIVE WILL—*Established by Sufficient Evidence.* The evidence examined and held sufficient to justify the trial court ·in finding that a nuncupative will had been made.

2. SAME—*May Be Admitted to Probate Under Clear and Convincing Evidence.* A nuncupative will may be admitted to probate where the evidence to prove it is clear and| convincing, although that evidence may differ in some particulars.

3. SAME. Questions asked of one who is making a nuncupative will, when asked solely for the purpose of ascertaining the maker's desire, will not destroy the will nor defeat its being admitted to probate.

Appeal from Montgomery district court; JOSEPH W. HOLDREN, judge. Opinion filed March 10, 1923. Affirmed.

*Charles D. Ise,* of Coffeyville, for the appellants.

*Charles D. Welch,* of Coffeyville, *H. H. Montgomery,* and *S. J. Montgomery,* both of Bartlesville, Okla., for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: This is an appeal from a judgment of the district court admitting to probate the nuncupative will of George R. Snelling on an appeal from the judgment of the probate court admitting the will to probate in that court.

There was evidence which tended to show that George R. Snelling was near death in his last sickness; that he stated to those around him at his bedside that he "wanted will"; that Dallas W. Knapp, a lawyer of Coffeyville, was sent for; that he came; that Snelling said to Knapp, "want will," and wanted all his property to go to Ann Raub; that Snelling's enunciation was indistinct; that Knapp and those around Snelling inquired of him concerning giving his property to his relatives; that Selling repeated several times that he wanted all of his property to go to Ann Raub; that Snelling at the time was of sound mind; that he desired those around the bed to witness his desire and the disposition of his property. The cause was submitted to a jury, which returned a general verdict in favor of Ann Raub and answered special questions as follows:

"1. Do you find that George R. Snelling, a short time before his death,

made a verbal will giving all of his property to Ann Raub, and that he called upon Dallas W. Knapp, or others who were present at the time the testamentary words were spoken, to bear testimony as to said disposition of his property as his will? A. Yes.

"2. If you answer the above question in the affirmative, was the testator, George R. Snelling, at that time, of sound mind and memory, as defined by the law laid down in these instructions? A. Yes."

The judgment recites:

"The court, after having considered the pleadings and the evidence and the verdict of the jury, doth approve the same and doth find that George R. Snelling, deceased, a short time before his death, made a verbal will giving all of his property to the appellee, Ann Raub, and that he called upon Dallas W. Knapp, who was present at the time said testamentary words were spoken, to bear testimony as to said disposition of his property as his will, and that said verbal will was made during the last sickness of the said George R. Snelling, and that the said George R. Snelling was then and there of sound mind and under no restraint, and that within ten (10) days thereafter, to wit, on June ——, 1921, Clarence Lang, Harry Lang, and F. A. Neilson, who were competent, disinterested persons, caused said will to be reduced to writing, and subscribed the same and that the same was filed for probate within six (6) months after the death of George R. Snelling, the testator."

1. The appellants contend that the acts of Snelling constituted an attempt on his part to make a written will and that they cannot be construed as a verbal will. The evidence does not show that Snelling gave anyone any instructions to reduce his will to writing, but the evidence tended to prove that after he made the statement concerning the disposition of his property, he became quiet and at ease concerning that matter. Knapp left the bedside and went to his office to reduce the will to writing. That was done hurriedly, but while he was gone, Snelling died. First the probate court, second the jury in the district court, and third the district court found that what had been said and done constituted a disposition by verbal will of his personal property by George R. Snelling; and this court, on appeal from the district court, is compelled to say that the evidence before the latter court was sufficient to justify that court in finding that a nuncupative will had been made.

2. The appellants contend that the testamentary capacity of George R. Snelling, that his intention to make a verbal will, and that his calling on those about him to witness the will were not proven by the clearest and most indisputable evidence. The witnesses testifying concerning what transpired did not state matters exactly the same. There were some differences in their testimony. They told

slightly different stories, but the differences were not such as to raise any doubt concerning the truth of any of the three propositions against which the appellants argue.

This case is closely analagous to *Baird v. Baird,* 70 Kan. 564, 79 Pac. 163, where this court said:

"The requirement of the statute, that one making a verbal will shall have 'called upon some person present at the time the testamentary words were spoken to bear testimony to said deposition as his will,' is satisfied where the testator at the time said to those standing near: 'I want you to see that it is carried out the way I want it to be.'" (Syl. ¶ 4.)

In that case, the court quoted from *Weir v. Chidester et al.,* 63 Ill. 453, as follows:

"Any words that express a clear intention to give the estate to a certain person will be sufficient to pass the property. Nor is it necessary that the testator should call upon persons present, by name, to become witnesses to his will. Any form of expression, however imperfectly uttered, so that it conveys to the minds of those to whom it is addressed the idea that he desires them or some of them to bear witness to the disposition he is making of his property, will be deemed a compliance with the statute in that regard." (p. 455.)

3. It is urged that the words spoken by Snelling were not voluntary and spontaneous, but were the result of questioning by those around him. Snelling was weak; he was near death; it was hard to understand him. The questions that were asked him were asked for the purpose of learning his desire; not for the purpose of making any suggestion to him concerning the disposition of his property.

No error appears, and the judgment is affirmed.